IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRANT COUNTY ORGANIC, L.L.C.,

    Plaintiff,

vs.

Case No. 07-1171-JTM

WESTERN KANSAS BANCSHARES, INC.,
and JERRY BROWN,

    Defendants.

MEMORANDUM AND ORDER

This matter came before the court for a hearing on plaintiff Grant County Organic's Motion for a Temporary Restraining Order (Dkt. No. 3). Grant County seeks an order which would prevent the defendants from evicting it from the leased premises which are the subject of this litigation, from attempting to sell or otherwise dispose of that property, and from interfering with the plaintiff's business on the premises.

Injunctive relief may be granted where a plaintiff can demonstrate

(1) it will suffer irreparable injury unless the temporary relief issues; (2) the threatened injury to the movant outweighs whatever damage the temporary relief may cause the opposing party; (3) the temporary relief would not be adverse to the public interest; and (4) there is a substantial likelihood that the movant will eventually prevail on the merits.

*City of Chanute v. Kansas Gas and Elec. Co.*, 754 F.2d 310, 313 (10th Cir.1985). Fed.R.Civ.Pr. 65.

For the reasons stated at the hearing of this matter, the plaintiff's motion is sustained. The court adopts and incorporates herein its findings announced at the hearing held June 21, 2007. Specifically, the court reiterates its findings that Grant County has demonstrated the potential for irreparable harm by showing evidence of lost customers, the loss of good will, the loss of its certification as an "organic" facility, and the loss of a unique business opportunity. "[L]oss of customers, loss of good will, and threats to a business' viability can constitute irreparable harm." *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 685 F.Supp. 1172, 1181 (D.Kan.1988)

As the court also stated at the hearing, the balance of interests weighs in favor of granting a temporary restraining order, given that the plaintiff faces real, but difficult to quantify, injuries to its business from any immediate eviction. The public interest in injunctive relief is not as markedly in favor of plaintiff as the other factors, but the court finds that this factor, as it reflects a public interest in enforcing and protecting contracts and avoiding tortious interference with contracts and business relations, also supports granting the motion.

Finally, as noted at the hearing, the prospect of irreparable injury affects the court's determination as to the likelihood of success of the plaintiff at trial. Here, given the clear danger of irreparable injury, the court finds both that that burden is lessened, *see Star Fuel Marts v. Sam's East, Inc.*, 362 F.3d 639 (10th Cir. 2004), and is here met by evidence would could support a finding for plaintiff on its claims of tortious interference.

Consistent with the court's findings at the time of the hearing, this temporary injunctive relief shall last until the court resolves plaintiff's application for a preliminary injunction. A hearing on that request for preliminary injunction shall be held on Wednesday, July 25, 2007 at 9:00 a.m.

The defendants shall file any motions seeking to dismiss this matter on or before July 14, 2007. The plaintiff shall respond to such motions to dismiss on or before July 21, 2007. Any reply by defendants to such a response shall be filed no later than July 24, 2007.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2007 that the plaintiff's Motion for Temporary Restraining Order (Dkt. No. 3) is granted as provided herein.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE