IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GRANT COUNTY ORGANIC, L.L.C.,

Plaintiff,

vs.                                              Case No. 07-1171-JTM

WESTERN KANSAS BANCSHARES,
INC., and JERRY BROWN,

Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the motion for injunctive relief by plaintiff Grant County

Organic, L.L.C.  Also before the court is the motion to dismiss filed on behalf of defendants Western

Kansas Bancshares, Inc., and Jerry Brown.  The court conducted an evidentiary hearing on Grant

County's motion on August 6, 2007, at which time the court denied all motions pending.  Consistent

with and incorporating the court's findings at the hearing, the court enters the following order with

respect to the pending motions.

Grant County Organic is the lessee of a previously vacant grain processing and storage

facility in Grant County, Kansas.  Defendant Western Kansas Bancshares is the owner of the facility.

Defendant Jerry Brown is a member of the Board of Directors of Western Kansas Bancshares.

Grant County Organic leased the property on June 24, 2005, pursuant to a June 24, 2005

lease-purchase agreement.  The agreement provided for a six month term, with rent of $2000 per

month.  The agreement also provided Grant County Organic an exclusive option to buy the facility. The term of the agreement was subsequently extended until March 24, 2007.

Defendant Western Kansas Bancshares strongly desired to sell the facility and remove it from the bank's books.  Grant County wanted to purchase the facility, and toward this end invested substantial time and expense in improvements at the facility in order to make it certified organic.

However, despite the exercise of the purchase option on March 20, 2007, the parties were unable to close the transaction.  The parties entered in to an agreement which deferred the collection of any rent until the property was sold.  By May 2007, this amounted to six months of deferred rent.

As noted at the hearing, the court denies the defendants' motion to dismiss.  In support of their motion, the defendants first argue that there is incomplete diversity because plaintiff Grant County L.L.C. is a Kansas resident, like the defendants.  The defendants' argument is that because the company is a Kansas L.L.C., and its principal place of business is Kansas, it should be considered a citizen of Kansas.  It cites no authority for this proposition, however, other than *Birdsong v. Westglen Endoscopy Ctr.*, 176 F.Supp. 2d 1245, 1248 (D. Kan. 2001), which in fact reaches the opposite conclusion, expressing agreement with what the court termed "the majority view [that] an LLC is a citizen, for purposes of diversity, of each state where its members are citizens."

This holding by Judge Saffels has since been followed by Judge Vratil in *Pishny Real Estate Services v. Musser*, 2007 WL 1347757 (D.Kan. 2007) and Judge Lungstrum in *Tilzer v. Davis, Bethune & Jones, L.L.C.*, 2004 WL 82589 (D.Kan. 2004).  In both of these later decisions, the court noted that every Circuit Court of Appeals to address the subject has reached the same conclusion. *See Pramco, L.L.C. v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir.2006).  Since all of Grant

2

County's members are residents of Colorado, not Kansas, the plaintiff should be considered a resident of Colorado.  The defendants' argument is without merit.

Second, the defendants argue dismissal is appropriate in light of the provision in the Lease Agreement which could be interpreted as a forum selection clause restricting suits to the Kansas state court in Grant County.  Specifically, the agreement provides that "venue for any suit to enforce the provisions of this lease shall be Grant County, Kansas."  Defendants correctly note that such provisions have traditionally been interpreted to bar actions outside of the venue listed.

However, the court finds that dismissal is not justified. First, one of the defendants (Brown) is not a party to the Agreement and has no power to invoke its protections.  Second, and more important, the clause simply does not restrict suits of this type.  By its own terms it is markedly different from the cases cited by defendants, which are all cases involving broad restrictions on the right to sue for "any claim" outside the venue.

The clause here is very narrowly drawn. In contrast to the separate choice of law provision in the Agreement ("The parties agree that the laws of the State of Kansas will govern **all disputes** under this lease and determine all rights hereunder,"  Agreement at 4), the venue selection clause uses different, more restrictive language:  "In addition, venue for **any suit to enforce the provisions** of this lease shall be Grant County, Kansas."

The plaintiff correctly points out that this is not a suit to enforce the lease.  It is not a contract claim at all. Rather, they are advancing tort claims which are essentially unrelated to the contract, arguing that the defendants tortiously interfered with their contractual and business relations with third parties.  The court finds that, read according to its plain terms, the forum selection clause does not bar this action here.

3

However, as noted at the conclusion of the hearing, the court finds that injunctive relief should not issue.  In the Amended Complaint, (Dkt. No. 5), Grant County alleges that the defendants committed tortious interference with a prospective business advantage or relationship (Count I), and that defendant Brown tortiously interfered with a contract (Count II).  The Amended Complaint asks that the court enjoin defendant Western Kansas Bancshares "from evicting Grant County from the Facility, from threatening or attempting to require Grant County to move any of its operations or goods out of the Facility; and from interfering in any way with Grant County's operations of the Facility."  (Id. at ¶ 58(c)).

> To recover  for tortious interference with contract, Kansas law requires a plaintiff to prove: "(1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom."

*Dickens v. Snodgrass, Dunlap & Co.*, 255 Kan. 164, 168-69, 872 P.2d 252 (1994) (*quoting* 45 Am.Jur.2d, Interference § 39, p. 314).  To recover for tortious interference with a prospective business advantage or relationship under Kansas law, a plaintiff must show:

> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate result of defendant's misconduct.

*Turner v. Halliburton Co.*, 240 Kan. 1, 12, 722 P.2d 1106 (1986). *See also Burcham v. Unison Bancorp, Inc.*, 276 Kan. 393, 424-25, 77 P.3d 130 (2003).

In *Turner*, the court noted that

> [b]oth tortious interference with a contract and tortious interference with contractual expectations or a prospective business advantage are predicated on malicious conduct by the defendant. While these torts tend to merge somewhat in the ordinary course,

the former is aimed at preserving existing contracts and the latter at protecting future
or potential contractual relations.

*Id.* The court also noted that interference in contractual relations may sometimes be justified or
privileged. *Id.* at 12-13 (*quoting* 45 Am.Jur.2d, Interference, § 27, 304-05). In addition, courts have
stressed that "malice is a predicate for tortious interference and is not limited to cases involving
allegations of defamatory conduct." *L & M Enterprises Inc. v. BEI Sensors & Systems Co.*, 231 F.3d
1284, 1288 (10th Cir.2000).

Applying these standards to the present case, the court finds that the plaintiff has not met its
burden of showing that it is entitled to injunctive relief. First, the court finds that plaintiff's attempts
to portray the defendants as acting with malice or improper motive are wholly unconvincing. Under
the existing lease agreement, Western Kansas Bancshares was receiving no rent at all; it would be
paid only if and when the sale of the facility was completed. And despite plaintiff's attempt to cast
defendant Brown's comments on May 2, 2007 (that he might purchase the facility for himself) in the
worst possible light, it is clear from the testimony of the witnesses that these comments did not
reflect any improper desire to benefit from such a transaction at the expense of the bank, but simply
a justified frustration at the existing situation — in which the bank was leasing the facility but
receiving no rent — , and a belief that almost any other disposition of the property would be better.
While Brown's comments were clearly delivered energetically, the court finds that they were not
malicious or improper under the circumstances of the case.

Vern Tharpe of Grant County Organic testified that he also felt frustration and dissatisfaction
with the arrangement existing in April and May of 2007, and the inability to close the agreement.
Brown's comments merely expressed, if somewhat more vigorously, the frustrations that all the

parties felt at the failure of the parties to close the purchase. The court finds no intentional misconduct on the part of any of the defendants.

Further, the court finds that the plaintiff has failed to show that the alleged acts of the defendants were the cause of any injury to Grant County Organic. The court finds convincing evidence that the plaintiff's lender would in any event have walked away from funding its operations based on the lender's concerns about the state of the equipment at the facility. Thus, any comments or acts by the defendants were not a cause of any damages to plaintiff.

Accordingly, the court denies plaintiff's application for injunctive relief. The court, of course, retains jurisdiction over plaintiff's claims for damages. However, further litigation as to the validity, status, and terms of the leasehold arrangement would not be matters arising from the remaining tort claims for damages, but would necessarily touch on and be inextricably combined with the enforcement of the provisions of the lease, and thus be matters reserved solely for consideration of the Grant County, Kansas District Court.

IT IS ACCORDINGLY ORDERED, this 15th day of August, 2007, that the Temporary Restraining Order previously entered by the court (Dkt. No. 13) is hereby dissolved, plaintiff's application for injunctive relief is denied, and defendants' motion to dismiss (Dkt. No. 10) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE